IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv219 |
| DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephen Thomas, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Factual Background

Plaintiff alleges he was convicted of aggravated robbery in 1980 and received a 60 year term of imprisonment. He was released on parole and subsequently reincarcerated. Plaintiff states that when he was returned to prison, his inmate identification number was changed from 317322 to 178460.

Plaintiff alleges the change in his identification number affected the revocation of his parole. He also asserts he has improperly been subjected to a two year setoff with respect to consideration for release on parole. Plaintiff states that under the law in effect at the time of his original conviction, he should be considered for release every year.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff with the opportunity to present additional facts when necessary, the facts alleged therein are clearly baseless or fanciful. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its fact." *Id*. at 570. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th

Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## Analysis

In order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1995). A claim for damages based on an imprisonment that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove facts which would imply the unlawfulness of the duration of his confinement. *Id.* at 487.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of his confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the duration of his confinement has already been invalidated. *Id.*

Plaintiff seeks money damages to compensate him for the time he has spent unlawfully imprisoned. A finding in plaintiff's favor would therefore imply that his continued confinement is invalid. Accordingly, plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of his confinement were satisfied. As plaintiff does not assert that the *Heck* requirements have been satisfied with respect to his confinement, *Heck* bars him from proceeding with this lawsuit.

Recommendation

This civil rights lawsuit should be dismissed for failing to state a claim upon which relief may be granted.

Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of fact, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of fact, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 28th day of July, 2021.

_____
Zack Hawthorn
United States Magistrate Judge