IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEPHEN THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv219 |
| DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Stephen Thomas, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The court previously referred this matter to United States Magistrate Judge Zack Hawthorn for consideration pursuant to applicable orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this case be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation. Plaintiff filed objections. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff alleges that because his inmate identification number was changed when a prior release on parole was revoked, he has not been considered for release on parole every year. Plaintiff states that under the law in effect when he was originally convicted, he is entitled to annual consideration. He states he is only being considered for release on parole every two years. Plaintiff sought money damages to compensate him for time spent unlawfully imprisoned. The magistrate judge, relying on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1995), concluded that as plaintiff's incarceration had not been declared unlawful, his claim for money damages was barred.

In his objections, plaintiff states that at the time he was originally convicted of a crime, an inmate became eligible for release on parole after serving one-third of his sentence. He asserts that under the law then in effect, once an inmate became eligible for release on parole, he was entitled to be considered for release annually.

Plaintiff does not state that the duration of his confinement has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. As a result, *Heck* bars his claim. Moreover, as Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, the failure to consider plaintiff for release on parole annually did not violate his right to due process. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Finally, to the extent plaintiff asserts that denying him annual consideration for release on parole violates the *Ex Post Facto* Clause of the Constitution, his assertion is without merit. Denying plaintiff annual consideration for release on parole is not an *ex post facto* violation because being denied annual consideration creates only a "speculative and attenuated risk" of increasing his punishment. *Pierce v. Lingston*, 728 F. App'x 370, 371(5th Cir. 2018). As a result, the magistrate judge correctly concluded this case should be dismissed.

## ORDER

Accordingly, the objections filed by plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is hereby **ADOPTED** as the opinion of the court. A final judgment shall be entered dismissing this lawsuit in accordance with the recommendation of the magistrate judge.

**SIGNED** this the 20 day of **July, 2022.**

_____
Thad Heartfield
United States District Judge